UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

Case No. 8:24-cr-88-SDM-NHA

DAVID FERNANDO JIMENEZ GOMEZ,
   a/k/a Daniel Gomez DeLeon

18 U.S.C. § 1542
(Passport Fraud)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Passport Fraud)**

**A.   Introduction**



At times relevant to this Indictment:

1.   The defendant DAVID FERNANDO JIMENEZ GOMEZ, a/k/a "Daniel Gomez DeLeon" ("JIMENEZ GOMEZ"), was a dual citizen of the United States and the Dominican Republic, who resided in the Dominican Republic.

2.   On or about February 7, 2000, a warrant for the arrest of defendant JIMENEZ GOMEZ was issued by the United States District Court for the Southern District of New York.

3.   On or about December 7, 2002, defendant JIMENEZ GOMEZ, using the alias "Daniel Gomez DeLeon," entered the United States from the Dominican Republic on a temporary B1/B2 nonimmigrant visa.

### B. The Crime

4. On or about July 9, 2014, outside of the jurisdiction of any particular State or district, with the Middle District of Florida being the district to which the defendant is first brought, the defendant,

DAVID FERNANDO JIMENEZ GOMEZ,
a/k/a Daniel Gomez DeLeon,

did knowingly and willfully make a false statement in a Form DS-82, U.S. Passport Renewal Application for Eligible Individuals, with the intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, to wit, in such Application, in answer to the question "List all other names you have used," the defendant provided "NA NA," when in truth and in fact, the defendant had previously used the name "Daniel Gomez DeLeon."

In violation of 18 U.S.C. § 1542.

### COUNT TWO
(Passport Fraud)

### A. Introduction

1. Paragraphs 1 through 2 of Count 1 of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

### B. The Crime

2. On or about February 22, 2022, outside of the jurisdiction of any particular State or district, with the Middle District of Florida being the district to which the defendant is first brought, the defendant,

DAVID FERNANDO JIMENEZ GOMEZ,
a/k/a Daniel Gomez DeLeon,

did knowingly and willfully make a false statement in a Form DS-11, Application for a U.S. Passport, with the intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, to wit, in such Application, in answer to the question "List all other names you have used," the defendant provided "NA," when in truth and in fact, the defendant had previously used the name "Daniel Gomez DeLeon."

In violation of 18 U.S.C. § 1542.

### FORFEITURE ALLEGATIONS

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(6).

2. Upon conviction of a violation of 18 U.S.C. § 1542, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6):

   a. any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense;

      b.    any property, real or personal, that constitutes, is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and

      c.    any property that is used or intended to be used to facilitate the commission of the offense.

3.    The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offenses.

4.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

                                              Foreperson

ROGER B. HANDBERG
United States Attorney

By: *Karyna Valdes*
Karyna Valdes
Assistant United States Attorney

By: *Cheryl Kingsman, AUSA* for
Daniel J. Marcet
Assistant United States Attorney
Chief, National Security Section

FORM OBD-34
March 24

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

DAVID FERNANDO JIMENEZ GOMEZ,
a/k/a Daniel Gomez DeLeon,

INDICTMENT

Violations: 18 U.S.C. § 1542

A true bill.

_____
Foreperson

Filed in open court this <u>6th</u> day

of March 2024.

*Ashley Sanders*
Clerk

Bail $_____

GPO 863 525